Margaret J. Brady
vs.                    No.63791
James F. Pilkington

July 13, 1926

RESCRIPT

CAPOTOSTO, J. In an action for personal injuries claimed to have been sustained by the plaintiff as a result of the negligent operation of an automobile by the defendant on Randall street in the city of Providence shortly after nine o'clock in the evening of April 5, 1925, the jury returned a verdict for the defendant. The plaintiff claims that the verdict is improper and not supported by the evidence.

On the evening in question the plaintiff, an elderly lady of about 58 years of age, crossed from her home on one side of Randall street to a white post of the street railway on the opposite side of the same street and waited for a certain outbound car which her elder sister, who was with her, desired to take going home. At this point Randall street is up grade to outbound traffic.

Without detail the testimony of the various witnesses, the evidence as a whole establishes that when the car for which she was waiting approached the stop, plaintiff looked in the direction of the oncoming electric car and saw no other vehicle in the immediate vicinity of the car either to its side or in its rear. Here the testimony for the plaintiff shows a slight variance. The plaintiff herself and some witnesses say that after the car had come to a stop the plaintiff was actually assisting her sister to board the car through the front door which had been opened by the motorman. Other witnesses conveyed the thought that just before the accident the plaintiff was waiting near the front of the standing car for the door to open. The plaintiff further claims that, while she was so situated in the highway, defendant's automobile was driven to the right of the standing car; that she was struck by the left front of the automobile; that she was carried and then thrown some distance in front of the electric car onto the car tracks, and that she suffered a broken leg and other injuries of a more or less serious nature to a person of her age.

The defendant says that he was following the electric car, which was just ahead of him; that he drove to the right of the electric car and that, at that time, he did not "think" that the car had stopped and did not see the door open; that when he first saw the plaintiff she was on his left mudguard and that her sister was opposite the front door of the electric car; that when he stopped his automobile there was a distance of some 15 to 17 feet open space between the rear of his automobile and the front of the electric car; that it was at that time that the plaintiff rolled off the left running board upon or in close proximity to the railway track; that he went to her assistance, expressed his regret at what had happened; told her, in answer to a question from her, that he had not seen her and took her to the hospital. His only explanation of why he did not see the plaintiff was that his vision was affected by the rays of automobiles coming in the opposite direction as he got to the head of the car.

In arguing against plaintiff's motion for a new trial, the defendant took the position that the two elderly ladies stepped from the curb toward a moving electric car directly into the path of an oncoming automobile. The credible testimony establishes the fact affirmatively that at the time of the accident the electric car was at least stopped with a prospective passenger waiting to enter, if not actually in the act of entering.

The defendant himself, who testified with a feeling of apparent regret for what had happened, did not favor

himself to any great extent when he said that the first he saw of the plaintiff was when she was on his left front mudguard and her sister was to her right, opposite the front door of the electric car.

The plaintiff is a woman advanced in years, enfeebled by the efforts of a struggling life. Her sister is still more feeble and, at the time of the accident, required actual assistance. Feebleness and old age demand greater time in controlling motion. Both sisters were placed by the evidence in the immediate vicinity of the front entrance to a standing street car. The defendant's admission that he first saw the plaintiff on his left side when the hood and mudguard of his automobile had passed the front vestibule of the electric car, is of great importance.

Accepting these facts as true, one becomes convinced that the defendant, in a thoughtless moment, drove his automobile to the right of a standing street car which had stopped for or actually was in the act of receiving a passenger.

The verdict, which was returned in this case, is contrary to the evidence and does not do justice between the parties.

Motion for new trial granted.

For Plaintiff: Quinn, Kernan & Quinn.

For Defendant: Frederick A. Jones.